UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK

```
FILED
IN CLERK'S OFFICE
U S. DISTRICT COURT E.D.N.Y.
★ FEB 12 2018 ★
BROOKLYN OFFICE
```

-----------------------------------------------------------

REBECCA CORDERO

                            Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
SALVATORE AQUINO (SHIELD NO. 2958),
SERGEANT GIROLAMO BARBARA
(SHIELD NO. 296), INDIVIDUALLY,
AND IN THEIR OFFICIAL CAPACITIES,

                           Defendant,

-----------------------------------------------------------

COMPLAINT

Civil Action No.

JURY TRIAL DEMANDED

CV 18-909

CHEN, J.

SCANLON, M.J.

Plaintiff, REBECCA CORDERO, by and through her attorney(s) **The Law Office of Vladimir Rene, P.C.**, complaining of the defendants herein, respectfully alleges as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this civil rights action seeking relief for the Defendants' violation of his rights, as secured by the Civil Rights Act of 1871 and codified under 42 U.S.C. §1981 and 42 U.S.C.§1983; by the Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States; and by the laws and Constitution of the State of New York.

### JURISDICTION

2. This Court has jurisdiction based upon 28 U.S.C. §1331 and 28 U.S.C. §1343, and 28 U.S.C. §1367.

3. Plaintiff also invokes this Court's jurisdiction pursuant to 28 U.S.C. §1367 over all state law claims as against all parties that are related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

### VENUE

4. Venue is properly laid within the Eastern District of New York under U.S.C. §1391(a),(b),(c), in which the claims arise.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, REBECCA CORDERO, is a thirty-eight year old Hispanic female who was a resident of the City and State of New York at all relevant times.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York Police Department, a duly authorized public authority to perform all functions of a police department according to the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the municipal corporation, THE CITY OF NEW YORK.

9. The individually named defendants, SERGEANT GIROLAMO BARBARA, SHIELD NO. 296, POLICE OFFICER SALVATORE AQUINO, SHIELD NO. 2958, (hereinafter "defendant officers") are and were at all relevant times duly sown police officers, of the 68 Command of the NYPD, acting under color of state law in the course and scope of their duties and functions as officers, agents, employees, and servants under the direction and supervision of the CITY OF NEW YORK and according to their official duties.

10. At all relevant times, the individually names defendants are sued in their individual and official capacities.

## FACTS

11. On November 23, 2016, at approximately 7:55 a.m. Plaintiff, REBECCA CORDERO was lawfully present inside of her apartment located at 6903 6th Avenue, in the County of Kings, State of New York.

12. Members of the New York City Fire Department emergency units arrived at the above-mentioned location in response to an attempted suicide prior to defendants' arrival.

13. Plaintiff had indicated that Plaintiff had ingested several quantities of prescribed clonazepam.

14. Plaintiff sat on Plaintiff's bed as requested by the emergency medical technicians of the New York City Fire Department, (hereinafter "EMTs").

15. Plaintiff began to dress up in order to be transported in the ambulance.

16. Defendants arrived on scene, and soon thereafter, Defendant OFFICER AQUINO tried to place handcuffs on Plaintiff's hands moments after arrival.

17. Plaintiff did not want to be handcuffed, and asked Defendants the reason Plaintiff was being handcuffed, Plaintiff tried to take her arm away, then Defendant SERGEANT BARBARA forcefully threw Plaintiff to the ground, and twisted Plaintiff's arm in order to place handcuffs on both hands.

18. Defendant SERGEANT BARBARA, placed his knee deeply on Plaintiff's spine area causing Plaintiff to suffer extreme pain and suffering.

19. Plaintiff instantaneously reacted as a reflex reaction and shock, and extended Plaintiff's leg outward and struck one of the Defendants on their person.

20. Prior to Defendants' actions, Plaintiff has previously received spinal surgeries, and continues to be treated.

21. Plaintiff felt agonizing and unbearable pain.

22. While Plaintiff was taken in handcuffs downstairs, Defendant SERGEANT BARBARA told Plaintiff that Plaintiff was going to become a felon, and that Defendant SERGEANT BARBARA hoped Plaintiff like jail because Plaintiff was spending the night in jail, and for Plaintiff to watch what's going to happen.

23. Plaintiff was transported in the ambulance with handcuffs placed tightly on Plaintiff's hands and shackles around Plaintiff's feet.

24. After several hours at the hospital, Plaintiff was brought back to the precinct for processing.

25. The following day, Thanksgiving Day, Plaintiff was arraigned and released on her own recognizance.

26. Plaintiff returned to Supreme Court, where charges were reduced from a felony charges to misdemeanor charges.

27. Approximately a couple months later, the Kings County District Attorney's Office dismissed the criminal charges against Plaintiff.

28. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising of its employees.

29. An examination of Plaintiff, pursuant to New York General Municipal Law §50-h, was held on or about May 11, 2017.

30. All of the above-mentioned acts of the defendants, their agents, employees and servants were carried out under the color of state law.

31. As a result of the actions stated above, Plaintiff sustained physical injury, loss of liberty, extreme inconvenience, mental anguish, anxiety, apprehension, fear, embarrassment, humiliation, and recurring headaches.

32. Plaintiff also suffered deprivation of her constitutional right to be free from unreasonable search and seizure of his person pursuant to the Fourth Amendment of the United States Constitution and Article 1 § 12 of the New York State Constitution; her right not to be deprived of her liberty without the due process of the law pursuant to the Fifth and Fourteenth Amendments of the United States Constitution.

33. The actions stated above violated 42 U.S.C. §1983, because it deprived Plaintiff of the rights, privileges and immunities guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States to its citizens.

## AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Federal Civil Rights under 42 U.S.C. §1981 and 42 U.S.C.§1983)

34. Plaintiff repeats, reiterates, re-alleges each and every allegation contained in paragraphs "1" through "33" with the same force and effect as if fully set foth herein.

35. All of the aforementioned acts of defendants, their agents, servants, and employees were carried out under the color of state law.

36. All of the aforementioned acts deprived Plaintiff, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1981 and 42 U.S.C. §1983.

37. The acts complained of were carried out the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

38. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

39. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/ authority, which is forbidden by the Constitution of the United States.

40. As a result of the foregoing, Plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in a amount to be fixed by a jury, plus reasonable attorney's fees costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C.§1983)

41. Plaintiff repeats, reiterates, re-alleges each and every allegation contained in paragraphs "1" through "40" with the same force and effect as if fully set forth herein.

42. Defendants detained Plaintiff without probable cause, causing Plaintiff to be unlawfully imprisoned and/or to be falsely arrested against her will.

43. As a result of the foregoing conduct, Plaintiff suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

44. As a result of the foregoing, Plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus attorney's fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Excessive Force under 42 U.S.C.§1983)

45. Plaintiff repeats, reiterates, re-alleges each and every allegation contained in paragraphs "1" through "44" with the same force and effect as if fully set forth herein.

46. Defendants used excessive force on Plaintiff, which was unreasonable and otherwise in violation of Plaintiff's constitutional rights.

47. As a result of Defendants' conduct, Plaintiff suffered physical pain, mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

48. As a result of the foregoing, Plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus attorney's fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C.§1983)

49. Plaintiff repeats, reiterates, re-alleges each and every allegation contained in paragraphs "1" through "48" with the same force and effect as if fully set forth herein.

50. Defendants initiated, commenced and continued a malicious prosecution against Plaintiff.

51. Defendants caused Plaintiff to be prosecuted without any probable cause.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C.§1983)

52. Plaintiff repeats, reiterates, re-alleges each and every allegation contained in paragraphs "1" through "51" with the same force and effect as if fully set forth herein.

53. Defendants initiated the criminal process against Plaintiff by causing Plaintiff's arrest and prosecution in Kings County Criminal Court.

54. Defendants arrested Plaintiff and caused Plaintiff to be prosecuted in order to cover their abuse of authority, and thereby violated plaintiff's right to be free from malicious abuse of process.

55. As a result of the foregoing, Defendants have deprived Plaintiff of her civil, constitutional and statutory rights and have conspired to deprive Plaintiff of such rights.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. §1983)

56. Plaintiff repeats, reiterates, re-alleges each and every allegation contained in paragraphs "1" through "55" with the same force and effect as if fully set forth herein.

57. Defendants had an affirmative duty to intervene on behalf of Plaintiff, whose constitutional rights were violated while Plaintiff yelled "you are breaking my arm".

58. Defendants failed to intervene to prevent the unlawful conduct described herein which not only placed Plaintiff in fear of her safety; but allowed Plaintiff to suffer physical and emotional injuries.

59. As a result of the foregoing, Plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. §1983)

60. Plaintiff repeats, reiterates, re-alleges each and every allegation contained in paragraphs "1" through "59" with the same force and effects as if fully set forth herein.

61. The supervisory defendant personally caused Plaintiff's constitutional injury by being deliberately, or consciously indifferent to the rights of others; namely Plaintiff, in failing to properly supervise and train her subordinate employees.

62. As a result of the foregoing, Plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus attorney's fees, costs and disbursements of this action.

## AS AND FOR A EIGHTH CAUSE OF ACTION
(Assault and Battery under the laws of the State of New York)

63. Plaintiff repeats, reiterates, re-alleges each and every allegation contained in paragraphs "1" through "62" with the same force and effects as if fully set forth herein.

64. As a result of the foregoing, Plaintiff was placed in apprehension of imminent harmful and offensive bodily contact.

65. As a result of the foregoing, Defendants made offensive contact with Plaintiff without privilege or consent.

66. As a result of Defendants' conduct, Plaintiff suffered physical pain, mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

67. As a result of the foregoing, Plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus attorney's fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
(Negligent & Intentional Infliction of Emotional Distress
under the laws of the State of New York)

68. Plaintiff repeats, reiterates, re-alleges each and every allegation contained in paragraphs "1" through "67" with the same force and effects as if fully set forth herein.

69. The aforementioned conduct was extreme and outrageous, intentional and reckless, and exceeded all reasonable bounds of decency.

70. The aforementioned conduct was committed while Defendants were acting within the scope of their employment by Defendant CITY OF NEW YORK.

71. The aforementioned conduct was committed by Defendants while acting in furtherance of their employment by Defendant CITY OF NEW YORK.

72. The aforementioned conduct was committed by Defendants while acting in furtherance of their employment by Defendant CITY OF NEW YORK.

73. The aforementioned conduct occurred for the sole purpose of causing severe emotional distress to Plaintiff.

74. As a result of defendants' conduct, Plaintiff suffered physical pain, mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation and loss of freedom.

75. As a result of the foregoing, Plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus attorney's fees, costs and disbursement of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
(Negligent under the laws of the State of New York)

76. Plaintiff repeats, reiterates, re-alleges each and every allegation contained in paragraphs "1" through "75" with the same force and effects as if fully set forth herein.

77. Plaintiff's injuries were caused by the carelessness, recklessness, and negligence of the Defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

78. As a result of the foregoing, Plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus attorney's fees, costs and disbursement of this action.

## AS AND FOR A ELEVENTH CAUSE OF ACTION
(Respondeat Superior Liability under the laws of the State of New York)

79. Plaintiff repeats, reiterates, re-alleges each and every allegation contained in paragraphs "1" through "78" with the same force and effects as if fully set forth herein.

80. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

81. As a result of the foregoing, Plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus attorney's fees, costs and disbursement of this action.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, REBECCA CORDERO, respectfully demands judgment against defendants, jointly, and severally, as follows:

a) Compensatory damages in an amount to be determined by a jury;

b) Punitive damages against the individual defendants, jointly, and severally;

c) Reasonable attorneys' fees, costs, and disbursements pursuant to 28 U.S.C. § 1988; and

d) Such other and further relief as this Court deems just and proper.

Dated: New York, New York
February 12, 2018

Respectfully Submitted,

_____
VLADIMIR RENE
Law Office of Vladimir Rene, P.C.
40 Wall Street, 28th Floor
New York, New York 10005
(212) 537-5938
Attorney for Plaintiff